UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY JOYNER, | : | NO.  1:06-CV-00803 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| CINCINNATI PUBLIC SCHOOLS and | : | |
| ROSA BLACKWELL, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Dismiss (doc. 6), Plaintiff's Memorandum in Opposition (doc. 7), and Defendants' Response (doc. 11).  For the reasons indicated herein, the Court DENIES Defendants' motion.

**I. Background**

The facts of this case, as alleged in the Complaint, are as follows.  Plaintiff began working for Defendant Cincinnati Public Schools ("CPS") on October 4, 1999, as Director of Curriculum (doc. 1).  In August, 2002, CPS promoted Plaintiff to Chief Academic Officer; one of her responsibilities was to supervise the federal budgets (Id.).  During April, 2005, Defendant Rosa Blackwell ("Blackwell"), the Superintendent of CPS, moved the management of federal programs away from Plaintiff to an allegedly less experienced employee (Id.).

In January of 2006, Plaintiff notified Laura Mitchell, the Deputy Superintendent for Cincinnati Public Schools and

assistant to Blackwell, that CPS was allegedly engaging in the misuse of federal funds, under the direction of Defendant Blackwell, by "supplanting" $369,984 in federal Title V funds[1] (Id.). Deputy Mitchell promptly notified Blackwell of Plaintiff's discovery of and opposition to the alleged activity (Id.). Plaintiff continued to vigorously and vocally oppose the alleged inappropriate use and oversight of federal funds by CPS under Blackwell's direction (Id.). On March 27, 2006, Blackwell decided not to renew Plaintiff's employment contract; Plaintiff alleges that Blackwell made such decision in retaliation for Plaintiff's sustained, vigorous and vocal opposition to Defendants' alleged misuse of federal funds (Id.).

Accordingly, Plaintiff filed a complaint on November 21, 2006, alleging a violation of Plaintiff's constitutionally protected freedom of speech as well as a breach of Ohio public policy (Id.). Defendants have filed a Motion to Dismiss both claims pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 6). In Plaintiff's Memorandum in Opposition, she voluntarily dropped the Ohio public policy claim, but maintains that her termination was a violation of her first amendment rights.

---

[1] According to Plaintiff's Complaint, the federal funds at issue in this case can be used to supplement, but not replace or "supplant" general fund spending.

2

## II. Defendants' Motion to Dismiss

### A. The Applicable Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984).  The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

Jones, 824 F.2d at 1103.

The admonishment to construe the plaintiff's claim

liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

### B. The Parties' Arguments

Defendants CPS and Blackwell argue that in order for Plaintiff to prove that she engaged in constitutionally protected activity, she must show that her speech involved a matter of public concern (doc. 6). Defendants further claim that Plaintiff's

4

statements were simply made pursuant to her official duty and that under <u>Garcetti v. Ceballos</u>, 126 S. Ct. 1951, 1960 (2006), such statements are unprotected by the Constitution (<u>Id.</u>)

Plaintiff responds by contending that under <u>Pickering v. Board of Educ.</u>, 391 U.S. 563, 569-571 (1968), any set of facts proving that her complaints were actually about the misuse of tax money would be sufficient in establishing that her speech involved a matter of public concern (doc. 7).  Plaintiff argues the <u>Garcetti</u> court explicitly stated that the definition of the scope of an employee's duties would often present a factual inquiry (<u>Id.</u>).  In this case, she argues, she spoke out about an issue that was at the time no longer part of her job description, as Defendant Blackwell allegedly moved the management of federal budgets to a less experienced employee some ten months earlier (<u>Id</u>.).

Defendants argue further that even if Plaintiff's speech does involve a matter of public concern, her claim should still be dismissed under the <u>Pickering v. Board of Educ.</u>, 391 U.S. 563, 569-571 (1968), balancing test (doc. 6).  The <u>Pickering</u> test requires the Court to weigh Plaintiff's interest in speaking on matters of public concern against the Defendants' interest in efficiency and harmony.  391 U.S. at 568.  Plaintiff, however, disputes the appropriateness of the <u>Pickering</u> test at this time though, because the Court lacks the information needed for its application (doc. 7).  Plaintiff contends that the court in <u>Pickering</u> had a complete

record on which to rely, developed after a full administrative hearing. In such a posture the Court was able to balance the interests of the parties, whereas here, the Court has only the facts alleged in Plaintiff's Complaint (Id.).

Finally, Defendant Blackwell claims that qualified immunity shields her from liability in this matter (doc. 6). Blackwell argues she has qualified immunity for her alleged actions here, because Plaintiff's right to speak out was not clearly established under Pickering, and because no reasonable official in Blackwell's position would have understood that such speech was protected (Id.). Citing DiMeglio v. Haines, 45 F.3d 790, 806 (4th Cir. 1995), Defendant Blackwell argues the lack of clarity inherent in the application of the Pickering balancing test makes the application of qualified immunity particularly appropriate (Id.). Plaintiff responds that Defendant Blackwell has not provided sufficient evidence to support a finding of qualified immunity, and that clear precedent exists that terminating a school district employee for speaking out about the misallocation of public finds violates the First Amendment (doc. 7).

**C. Analysis**

Having reviewed this matter, the Court finds well-taken Plaintiff's argument that her alleged speaking out about the alleged misuse of federal funds involves a matter of public concern. Pickering, 391 U.S. at 591-571. As such, and taking all

6

inferences in favor of Plaintiff, <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, the Court concludes that it would be premature to dismiss her Complaint at this time.

Moreover, the Court finds well-taken Plaintiff's argument that the application of the <u>Pickering</u> test is problematic at this juncture in this instance, because the Court cannot weigh Plaintiff's interest in reporting the District's misuse of federal funds against Defendants' interests, as the record is undeveloped as to Defendants' interests. 391 U.S. at 568.

The Court further finds well-taken Plaintiff's argument as to the question of qualified immunity. Under the Sixth Circuit's decision in <u>Wegener v. City of Covington</u>, 933 F.2d 390, 392 (6th Cir. 1991), while the ultimate burden of proof is on Plaintiff to show that Defendant is not entitled to qualified immunity, it is the Defendant who bears the initial burden of presenting facts to support the qualified immunity defense. Defendant Blackwell fails to provide any facts that, if true, would establish that Blackwell had been acting within the scope of her discretionary authority when she decided not to renew Plaintiff's contract. <u>Id.</u> Moreover, viewing the allegations in Plaintiff's Complaint, the Court cannot conclude that a reasonable government official could fire an employee in retaliation for reporting misuse of funds. For these reasons, Defendant Blackwell is not entitled to qualified immunity.

## III. Conclusion

In conclusion, the Court finds that cognizable claims have been pleaded in the Complaint, which provide Defendants with fair notice of what Plaintiff's claims are and the grounds upon which such claims rest.  See Conley, 355 U.S. at 47.  Plaintiff has adequately alleged her claims against Defendants CPS and Blackwell, and the Court does not find the application of qualified immunity appropriate in this case.  Accordingly, the Court DENIES Defendants' Motion to Dismiss (doc. 6).

SO ORDERED.


Dated: July 5, 2007          /s/ S. Arthur Spiegel

                             S. Arthur Spiegel
                             United States Senior District Judge

8