```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

| | | |
|---|---|---|
| TERRY JOYNER, | : | NO. 1:06-CV-00803 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| CINCINNATI PUBLIC SCHOOLS and ROSA BLACKWELL, | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (doc. 32), Plaintiff's Memorandum in Opposition (doc. 33), and Defendants' Response (doc. 34). For the reasons indicated herein, the Court GRANTS IN PART and DENIES in PART Defendants' Motion.

**I. Background**

Pared down to its essential core, this case is about an employee, Plaintiff, who alleges she complained about alleged improper use of federal funds by her employer, Defendant school system (Cincinnati Public Schools, or "CPS"), and as a result, she lost her job when Defendants retaliated against her for her complaints (doc. 30). The facts of this matter, as alleged in the Amended Complaint, have not been modified from those in the original Complaint, which the Court already summarized in its July 6, 2007 Order denying Defendants' first Rule 12(b)(6) challenge, and denying qualified immunity to Defendant Rosa Blackwell (doc.

15). The Court therefore incorporates its earlier factual summary, by reference (Id.).

Subsequent to the entry of its July 6, 2007 Order, Defendants filed an interlocutory appeal challenging the Court's denial of qualified immunity to Defendant Blackwell (doc. 16). During the pendency of the appeal, Plaintiff asked the Court to certify to the Sixth Circuit that it would grant Plaintiff's pending motion to amend her Complaint, so as to remove allegations against Defendant Blackwell in her individual capacity and therefore eliminate the basis for the appeal (doc. 20). The Court did so (doc. 24), and the Sixth Circuit responded by dismissing the appeal without prejudice (doc. 26). Upon remand, at question now is Defendants' renewed challenge to the Amended Complaint.

## II. Defendants' Motion to Dismiss

### A. The Applicable Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416

U.S. 232, 236 (1974). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

Jones, 824 F.2d at 1103.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit

3

clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Defendants' Motion**

In their renewed attack on Plaintiff's Amended Complaint Defendants argue first that the applicable standard in the review of a motion to dismiss has been modified under Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), such that Plaintiff's Complaint must be dismissed for failure to plead facts establishing a plausible claim for relief (doc. 32). Defendants argue next that Plaintiff's First Amendment claims fail because her statements were made pursuant to her official duties within the meaning of Garcetti v. Ceballos, 126 S. Ct. 1951 (2006), and further fails under the balancing test of Pickering v. Board of Educ., 391 U.S. 563 (1968)(Id. citing Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 n. 1 (9th Cir. 1997)(affirming dismissal at pleading stage using Pickering test), Hall v. Ford, 856 F.2d 255, 261 (D.C. Cir. 1998)). Defendants further argue that Defendant Blackwell should be dismissed from the case entirely, or at least be granted qualified immunity (Id.). Finally, Defendants argue that Plaintiff's claim

for punitive damages should be dismissed as such damages are unavailable against CPS or its Superintendent (Id.).

## IV. Plaintiff's Response

Plaintiff concedes that her claims for punitive damages in the Amended Complaint are subject to dismissal (doc. 33). However, Plaintiff argues that her First Amendment claim survives Defendants' renewed attack, because the Court's analysis in its previous Order in no way changes as a result of Bell Atlantic (Id.). In fact, citing Lindsay v. Yates, 498 F.3d 434, 440 (6th Cir. 2007), and Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), Plaintiff argues the Rule 8(a) requirement of "a short and plain statement of the claim showing the pleader is entitled to relief," remains unchanged after Bell Atlantic (Id.). In this case, Plaintiff argues, her Complaint meets the standard (Id.). Plaintiff further argues Defendants' arguments under Garcetti are misplaced, because her statements were not made in the course of her job duties, and in any event, the definition of the scope of an employee's duties presents a factual inquiry, more appropriate after the development of a record (Id.).

As for Defendant Blackwell's invocation of qualified immunity, Plaintiff argues she has sufficiently pled that Blackwell caused her damages to which she is entitled (Id.). Plaintiff argues that Blackwell can be held liable for damages in her official capacity so that Plaintiff's claims against her are not

5

redundant to her claims against CPS (Id.).  Plaintiff further argues the burden to establish that Blackwell is entitled to qualified immunity rests on Defendants' ability to prove facts and circumstances regarding Blackwells knowledge and beliefs at the time, facts that are exclusively within the control of Defendants (Id.).  Plaintiff argues the Court cannot conclude Blackwell is entitled to qualified immunity based only on the allegations in Plaintiff's Complaint (Id.).  In Plaintiff's view, Defendants rely on the same arguments in invoking qualified immunity, that is, that Plaintiff's speech occurred in the context of her official duties, which are fact intensive and cannot be relied upon without a developed record (Id.).

**V.  Defendants' Reply**

Defendants reiterate their view that Bell Atlantic, 127 S. Ct. 1955 (2007), changes the analysis of this case such that Plaintiff's Complaint should be dismissed (doc. 34).  Defendants further argue that the statements in Plaintiff's Amended Complaint show that her job duties in relation to CPS's senior management team required her to report the misappropriation of funds, such that the Complaint fails under Garcetti, 547 U.S. 410 (Id.). Defendants contend that Plaintiff's position lacks merit that it is inappropriate to apply the Pickering test without a more developed record, as precedent unaddressed by Plaintiff shows courts have granted Rule 12(b)(6) dismissals based on Pickering (Id.).

As for the question of qualified immunity, Defendants argue that Plaintiff does not dispute she seeks compensatory damages against Blackwell, for which Blackwell can only be liable in an individual capacity lawsuit. (Id. citing Cullinan v. Abramson, 128 F. 3d 301 (6th Cir. 1997)).  Moreover, Defendants repeat that the official capacity claim against Blackwell is redundant, because CPS can and is being sued directly for damages and injunctive relief (Id.).  Finally, Defendants signal Plaintiff's admission that her claim for punitive damages should be dismissed (Id.).

**VI. Discussion**

The Court finds well-taken Defendants' argument that Plaintiff's claims for punitive damages fail as a matter of law. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Moreover, having reviewed this matter, the Court finds it appropriate to dismiss Defendant Blackwell from this case, as Plaintiff's official capacity claims against the Superintendent are redundant to those brought against the school district.  The Court took in good faith the representation of Plaintiff that she would dismiss the individual capacity claim against the Superintendent (doc. 20), such that there should be no such claim remaining subsequent to the appellate court's remand, and therefore no issue of qualified immunity for this Court to address.

However, the Court stands by its earlier reasoning as to

the viability of Plaintiff's claims against CPS.  The Court is unconvinced, after a review of the authorities, that its denial of Defendants' motion to dismiss runs afoul of Bell Atlantic.  The Court finds Plaintiff's position well-taken that such decision, as evidenced by Lindsay v. Yates, 498 F.3d 434, 440 (6th Cir. 2007), and Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), has not modified the Rule 8(a) requirement of "a short and plain statement of the claim showing the pleader is entitled to relief."  Plaintiff in this case has clearly met such requirement in pleading that Defendants retaliated against her for reporting alleged inappropriate use of federal funds.  Moreover, the Court's reading of Bell Atlantic shows that its holding was directed at completely speculative claims premised on facts that might be discovered at some future point.  Here, the nature of the alleged facts are not of such a speculative nature.

The Court is further unconvinced, notwithstanding the precedent cited by Defendants, that it would be appropriate in this matter to apply the Pickering balance test without a more developed record.  The facts pleaded in this case show that specific job functions were taken away from Plaintiff, such that her actions, taking all inferences in her favor, would be protected under the First Amendment as outside the scope of her duties.  Defendants' argument would force the Court to make factual inferences against Plaintiff, contrary to the requirement of Scheuer v. Rhodes, 416

U.S. 232, 236 (1974). In the Court's view, the interests of justice here require discovery to flesh out the duties of Plaintiff so that an accurate balancing of her responsibilities under Pickering can be achieved.

Accordingly, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss (doc. 32) to the extent that the Court DISMISSES Rosa Blackwell as a Defendant in this case in both her official and individual capacities, and DISMISSES Plaintiff's claim for punitive damages. However, Plaintiff's remaining claims against Defendant Cincinnati Public Schools survive Defendants' Motion. Plaintiff is directed to file a Second Amended Complaint consistent with this decision.

SO ORDERED.

Dated: April 22, 2008          /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge